### Sondra B. Philburt v. Bernard R. Philburt

[533 A.2d 1181]

No. 86-284

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 24, 1987

Motion for Reargument Denied August 31, 1987

*Corsones & Hanson*, Rutland, for Plaintiff-Appellee.

*Robert A. Bloomer*, Rutland, for Defendant-Appellant.

**Hill, J.** The plaintiff-appellee was granted a divorce from the defendant-appellant on the ground that the parties had lived separate and apart for six consecutive months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7). The defendant appeals the property distribution ordered by the trial court under 15 V.S.A. § 751. We affirm.

Defendant's first argument is that the trial court's findings made in support of the property division[1] are inadequate. Specifically, defendant contends that the court failed to make adequate findings on the issue of plaintiff's income, defendant's liabilities, and defendant's contribution to the acquisition, preservation, and appreciation of the parties' real estate. He argues that the defi-

---

[1] There was some confusion at oral argument about whether defendant's argument regarding sufficiency of findings related to the property division alone, or to the issue of child support as well. Defendant's brief does not cite the statutory provision controlling child support, 15 V.S.A. § 651, nor did defendant expressly address the child support issue in his brief or at oral argument. Accordingly, we will treat this argument as limited to the issue of the division of property.

396

ciencies in the findings on these issues makes the basis for the trial court's property division unclear and unreviewable by this Court, mandating reversal. See *Field* v. *Field*, 139 Vt. 242, 244-45, 427 A.2d 350, 352 (1981) (when property distribution is based on inadequate findings, remand is necessitated because adequate review of the proceeding below is impossible).

In Finding No. 10, the trial court expressly found that defendant's income was $342 per week, but did not at any point in its decision make any specific finding regarding plaintiff's income. In Finding No. 15, however, the court stated that in making the property division, it was considering the "source and amount of income" of each party, as permitted by 15 V.S.A. § 751(b)(3). The evidence was uncontroverted that plaintiff's 1985 annual income was $25,000.

■ While it would have been better practice for the court to have made a specific finding on plaintiff's income in these circumstances, defendant has failed to demonstrate any prejudice from the failure of the court to make a specific finding on this issue. There was uncontroverted evidence on this issue before the court, and the court expressly stated that it was considering that evidence. This is not a case like *Field, supra,* where there was widely conflicting evidence about the value of a major asset of the parties and the court failed to make a conclusive finding on the point. *Id.* at 245, 427 A.2d at 352. In the absence of any demonstrable prejudice to defendant from this omission, the error was harmless. See V.R.C.P. 61.

■ With respect to defendant's liabilities, the court made specific findings regarding two joint debts of the parties owed on family vehicles, but did not make specific findings on three other individual loan obligations of defendant, totalling approximately $125 per month in payments. The court did find, however, that defendant's expense exhibits, which listed the individual loan obligations, were in evidence, and stated that it was considering the parties' liabilities in dividing the property. Again, given the uncontroverted nature of the evidence, it was harmless error for the court to fail to make specific findings with respect to these other liabilities. V.R.C.P. 61.

Lastly, defendant's contention that the court made inadequate findings regarding his contribution to the acquisition, preservation, and appreciation of the parties' real estate is not supported by the record. The court, in Finding No. 3, found that plaintiff

made the entire down payment of $9,000 toward the $20,000 purchase price of the marital home out of her individual assets. The court also found in Finding No. 4 that "[t]hroughout their marriage both parties have contributed to the household expenses and improvements on the real estate." In Finding No. 6, the court found that "[t]hroughout the time when one or both of the parties were working they put all of their earnings into the household." On this point, the trial court made findings essential to the disposition of the case, and there is no room for speculation as to the basis for its findings or decision, making the findings adequate under our law. See *Mayer* v. *Mayer*, 144 Vt. 214, 216-17, 475 A.2d 238, 239-40 (1984).

Defendant next argues that it was error for the court to return to the plaintiff an amount equivalent to her original contribution to the marriage before the distribution of the largest marital asset, the parties' home. The trial court ordered that plaintiff was entitled to $17,000, an amount it found was her original contribution to the marriage, before the parties' equity in the residence ($70,000) was divided. The court implemented this division of the equity by ordering plaintiff to pay defendant $26,500,[2] or, in the alternative, one-half of the remaining proceeds from the sale of the home after $17,000 had been deducted for the benefit of plaintiff.

In essence, defendant is arguing that the division of the parties' largest marital asset was an abuse of discretion. It is well settled that the trial court has broad discretion under 15 V.S.A. § 751 in the division of property, and in the absence of an abuse of discretion, the decree will stand. *Ruhe* v. *Ruhe*, 142 Vt. 429, 432, 457 A.2d 628, 630 (1983).

The trial court made express findings that plaintiff brought $19,000 worth of assets into the marriage in 1965, and that defendant brought no significant assets into the marriage. Under 15 V.S.A. § 751(b)(10), the court is permitted to consider, in dividing marital assets, "the party through whom the property was ac-

---

[2] Although not expressly set forth in the court's findings, it is clear from the record that this figure was derived from the following mathematical computation:

| | | |
|---|---|---|
| $ | 70,000 | Total Equity in Marital Home |
| − | 17,000 | Plaintiff's Payment |
| $ | 53,000 | |
| ÷ | 2 | Equal Split of Remaining Equity |
| $ | 26,500 | Parties' Respective Shares of Remaining Equity |

quired." Furthermore, the court made specific findings of physical abuse of plaintiff by defendant and extensive alcohol abuse by defendant during the marriage, and stated that it was considering the respective merits of the parties in dividing the property, as permitted by 15 V.S.A. § 751(b)(12). In addition, it should be noted that, when all the distributed property is considered, the plaintiff was awarded 56% of the marital estate, and defendant was awarded 44%. The trial court has wide discretion in formulating awards of property, *Emmons* v. *Emmons*, 141 Vt. 508, 510-11, 450 A.2d 1113, 1115 (1982), and given the circumstances as found by the court, as well as the overall property distribution, we find no abuse of discretion in the court's division of the parties' equity in the marital home.

The defendant's remaining arguments are without merit.

*Affirmed.*