**Donna R. Lewis v. Victor R. Lewis, St. Johnsbury Fruit Co. and Vermont Mutual Insurance Co.**

[538 A.2d 170]

No. 85-183

Present: **Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Costello, D.J. (Ret.) and Martin, Supr. J., Specially Assigned**

Opinion Filed December 4, 1987

*Steven A. Adler* of *Gensburg & Axelrod*, St. Johnsbury, for Plaintiff-Appellee.

*Swainbank, Morrissette, Neylon & Hickey*, St. Johnsbury, for Defendant-Appellant.

**Peck, J.** This is an appeal and cross-appeal from the trial court's distribution of assets in a divorce judgment. Disputed here is the disposition of the parties' business property consisting of a grocery store and corporation. We affirm.

Defendant-appellant husband raises four issues on appeal: (1) whether the trial court erred in finding that the parties agreed to an equal division of the corporate assets in the event of liquidation; (2) whether the trial court erred in ordering defendant to execute a promissory note to plaintiff-appellee wife payable within a two year period when she had proposed a more protracted payment and the court made no finding regarding defendant's ability to pay; (3) whether the trial court erred in failing to acknowledge defendant's request to receive 75% of the business assets, and in failing to explain its reasons for the distribution it ultimately made; and (4) whether the trial court's order pertaining to the default provision of the promissory note was fatally vague. On her cross-appeal, plaintiff raises two issues: (1) whether the trial court abused its discretion awarding defendant a majority of the marital property; and (2) whether the trial court's finding of fault on the part of plaintiff is supported by the evidence and whether, in any event, the trial court placed an undue emphasis on such finding.

In February, 1985, a divorce was granted on grounds that the parties had lived separate and apart for at least six months and that the resumption of marital relations was not probable. 15 V.S.A. § 551(7). Spousal maintenance was neither requested nor awarded. Joint custody of the children was awarded, and child support was not granted to either party.

Challenged here is the disposition of the parties' business property, a grocery store and corporation. The parties purchased the original store on favorable terms from defendant's mother. Both defendant and plaintiff actively participated in the operation of the business during the course of the marriage. The business was successful and grew in both size and value. After the parties separated in June, 1983, defendant operated the business until it was destroyed by fire in July of 1984.

The insurance company presented the parties with two alternatives after the fire: rebuilding the store at the expense of the insurance company, or receiving a lump sum payment if the store was not rebuilt. As the parties had not yet elected their insurance remedy at the time of the judgment below, the trial court structured its order to include alternate terms. If defendant chose to accept a lump sum payment for liquidation of the business, plaintiff would be awarded 50% of the value of the corporation. However, if defendant elected to rebuild, plaintiff would be awarded $149,840.00 (40% of the value of the business) payable by promissory note within two years of filing the order, or upon sale of either the business assets or stock of the corporation. The parties agreed that defendant would have total control of the corporate stock. While this appeal was pending, defendant elected to rebuild the store.

Defendant first challenges that portion of the trial court's order dealing with the cash settlement alternative. He argues that it is based upon an erroneous finding that the parties had agreed to divide the business property equally in the event of liquidation. Since defendant chose to rebuild the store rather than liquidate the business and receive the lump sum payment, this issue is moot and we need not consider the question further. See *In re S. H.*, 141 Vt. 278, 280, 448 A.2d 148, 149 (1982).

Defendant next challenges the trial court's order that he execute a $149,840.00 promissory note to the plaintiff, payable in two years, as compensation for her interest in the family business. Defendant complains that plaintiff herself, in her proposed find-

ings, proffered a more protracted payment schedule than that adopted by the trial court. We recognize that trial courts have wide discretion under 15 V.S.A. § 751 in formulating awards of property upon divorce. *Roberts* v. *Roberts*, 146 Vt. 498, 499, 505 A.2d 676, 677 (1986) (citations omitted). Unless it is shown that such discretion was abused, withheld or exercised on clearly unreasonable grounds, this Court will allow the decree to stand. *Ruhe* v. *Ruhe*, 142 Vt. 429, 431, 457 A.2d 628, 630 (1983). The court is not bound by stipulations between the parties, but acts within its discretion in making a different disposition of the property based on evidence before it. See *Rudin* v. *Rudin*, 132 Vt. 30, 33, 312 A.2d 736, 738 (1973); *Hopkins* v. *Hopkins*, 130 Vt. 475, 296 A.2d 266 (1972).

As a general matter, in disposing of marital property the trial court should give great weight to any agreements between the parties. In this case, however, the trial court did not abuse its discretion by ordering a two year payment on the note. The court's findings contain facts that could support the two year payment period, including defendant's employability and that defendant was awarded property in a net amount of nearly $422,000.00—a sum far exceeding the amount of the note.

Third, defendant challenges the trial court's award of $149,840.00 to the plaintiff, representing 40% of the value of their business. He argues that the court's findings fail to provide a rationale for this division, and it fails to explain its rejection of defendant's proposed division that would have provided plaintiff with only 25% of the business assets.

15 V.S.A. § 751 provides factors which a court may consider when making a disposition of marital property. Among the factors considered are the source of the property, vocational skills and employability, age and health of the parties, the value of all property interests, the needs of each party, as well as "general justice and equity." *Field* v. *Field*, 139 Vt. 242, 244, 427 A.2d 350, 352 (1981). We have noted that " 'the distribution of property is not an exact science and does not always lend itself to a precise mathematical formula; all that is required is that such distribution be equitable.' " *Roberts*, 146 Vt. at 499, 505 A.2d at 677 (quoting *Victor* v. *Victor*, 142 Vt. 126, 130, 453 A.2d 1115, 1117 (1982)). In this case, the judge took into account the relevant factors, including the respective merits of the parties' positions, and the court concluded that an award of 40% of the business assets was equi-

table. Many of the court's findings support this conclusion, and defendant has failed to demonstrate abuse of discretion by the court.

■ Finally, defendant contends that the court-ordered security provisions for the promissory note are voidably vague because it is not possible to determine from the terms of the order whether the two remedies given are to operate jointly or separately. Paragraph 6(c) of the court's order provides that if defendant defaults on the note, the business stock, previously awarded solely to defendant, will revert to joint ownership. Paragraph 6(d) provides that the note will be secured by a mortgage on defendant's real and personal property "along with encumbrances such as a pledge of stock" of the business. These paragraphs are ambiguous as to when each remedy might apply. Defendant, however, failed to bring this ambiguity to the trial court's attention in his post-judgment motion requesting the court to reconsider its order, and only raises it on appeal. Defendant argues that the magnitude of the error is such that reversal is required as a matter of law. We find that the error has been waived for the purpose of appeal. See *In re Johnston*, 145 Vt. 318, 321, 488 A.2d 750, 752 (1985) ("Issues not raised below will not ordinarily be considered when presented for the first time on appeal."); *Duke* v. *Duke*, 140 Vt. 543, 545, 442 A.2d 460, 462 (1982) ("We will not reverse a lower court when a party's failure to raise some matter below denied the court an opportunity to consider it."); *Cameron* v. *Cameron*, 137 Vt. 12, 15, 398 A.2d 294, 296 (1979) ("we will not place a trial court in error for matters not raised before it and which it has not been given the opportunity to correct."). It is clear that the court intended to give plaintiff security for the note against both the business and personal property of defendant. In the event of default on the note, plaintiff will be required to choose her remedy. See *Abbadessa* v. *Tegu*, 122 Vt. 345, 349, 173 A.2d 581, 584 (1961) (citations omitted). We find that 6(c) and (d) are not voidably vague but merely allow the wife to elect the form of remedy to pursue in the event of default on the note.

■ We now consider plaintiff's claims of error on her cross-appeal. She challenges the equity of the trial court's division of the property, and raises two issues that require our additional consideration. First, plaintiff maintains that the court's finding of fault is not supported by the evidence. The trial court made ample findings as to plaintiff's extramarital affair with a neighbor, and

in finding 49 the trial court concluded that "the credible evidence is that the plaintiff's affair with [the neighbor], was the principal cause of the marital breakup of the parties. The defendant was not at fault in the breakup of the marriage and the plaintiff was at fault." The finding is well supported by the facts, including plaintiff's own admission.

█ Secondly, plaintiff argues that the court gave undue weight to the finding of fault in its distribution of assets. Plaintiff reasons that as its distribution of the business property was not based on a 50/50 division of assets, the trial court gave controlling weight to the fault assigned to her because of her extramarital affair. Under 15 V.S.A. § 751(b)(12), fault is one of the factors that may be considered by the trial court in making an equitable distribution of property. *Victor*, 142 Vt. at 130, 453 A.2d at 1117. As we have previously noted, in this case the judge took into account many relevant factors, only one of which was the respective fault of the parties. There is no evidence that the court abused its discretion in making its award, and we find that plaintiff's claims of error are therefore without merit.

*Affirmed.*