# Sarah E. Quesnel v. Carl R. Quesnel

[549 A.2d 644]

No. 86-020

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Costello, D.J. (Ret.) and Martin, Supr. J., Specially Assigned

Opinion Filed June 24, 1988

*Patrick L. Biggam*, Montpelier, for Plaintiff-Appellee.

*McKee, Giuliani & Cleveland*, Montpelier, for Defendant-Appellant.

**Allen,** C.J. The parties were divorced by decree of the Washington Superior Court after a contested hearing. Defendant hus-

band appeals the trial court's property disposition and its award of permanent maintenance to plaintiff. We affirm.

Defendant first complains that the trial court's division of the marital assets is inequitable because of the respective contributions of the parties to the marital estate. He also assigns error to the award of maintenance, arguing that the court wrongly attempted to equalize the monthly incomes of the parties. Defendant maintains further that the court awarded funds to plaintiff for the education of the parties' adult children and that such an award is not authorized by statute. Finally, defendant contends that the court erred in ordering him to maintain a life insurance policy naming plaintiff as beneficiary.

The primary factor in the breakup of the parties' twenty-four year marriage was a severe drinking problem on the part of defendant. Although divorce had been discussed previously, plaintiff's filing was precipitated by a doctor's announcement that defendant would die within six months if he continued his abuse of alcohol. At the time of the final hearing, plaintiff was working as a customer service representative for an insurance agency, making about $11,500 per year. Defendant was a civil engineer for the state earning approximately $30,000 annually. The parties have two adult children who are attending college. The court's order awarded plaintiff 58.6% and defendant 41.4% of the total marital assets, ordered defendant to make maintenance payments of $500 per month and to maintain his life insurance policy or another policy of equal value naming plaintiff as beneficiary.

■ Defendant's first argument on appeal is that the trial court's division of the marital assets was inequitable. Defendant focuses on the disparity in the parties' monetary contribution to the marriage. He alleges that he contributed 81.7% of the marital estate through his wages. It is clear from the record that the court did consider the contributions of the defendant to the marital estate. It concluded, however, that the significantly lower earning capacity of the plaintiff, the length of the marriage, and the respective merits of the parties warranted a larger award of the marital assets to her. The trial court has wide discretion in formulating awards, and under the circumstances here disclosed we find no abuse of discretion. See *Philburt* v. *Philburt*, 148 Vt. 394, 533 A.2d 1181 (1987).

■ Defendant also challenges the constitutionality of 15 V.S.A. § 751(b)(10) and (11). This challenge is raised for the first

time on appeal. Defendant makes no showing of any extraordinary circumstances that would suggest that we should address the issue, and we decline to do so. See *State* v. *Maguire*, 146 Vt. 49, 54, 498 A.2d 1028, 1031 (1985).

Defendant next directs our attention to the award to plaintiff of a certificate of deposit in the amount of $20,000. He argues that the award was improper because it was intended for the education of the parties' adult children. In *Beaudry* v. *Beaudry*, 132 Vt. 53, 56, 312 A.2d 922, 925 (1973), we held that a trial court's discretion in the area of property settlements and support orders "does not extend to the creation of obligations regarding the children of the parties other than provision for their care, custody and maintenance during minority." Plaintiff requested that the $20,000 be awarded to her and concedes that her stated intention was to use the money to complete the education of the children. But the court imposed no limitations on the award, and the plaintiff was free to use the monies in any way she saw fit. There is no showing that the court abused or withheld its discretion and no error appears.

Defendant attacks the court's award of separate maintenance, arguing that the court erroneously attempted to equalize the incomes of the parties. He maintains that it is inequitable to equalize the income of the parties "when the disparity of training and professional attainment is no different than a doctor and his secretary . . . ." He suggests, instead, that plaintiff could augment her salary by investing the cash settlement awarded by the court, so as to "attain such a standard of living as benefits a person trained as she is and so placed in the employment scale." We note first that the record belies the assertion that the court was attempting to equalize the parties' income. Our calculations indicate that plaintiff's salary and maintenance payments combined will total about $17,000 per year; defendant's annual income, after payment of maintenance, will be approximately $24,000.

Even were defendant correct in his contention, however, we would find no error. Defendant has the burden of showing that there is no reasonable basis to support the maintenance award. *Buttura* v. *Buttura*, 143 Vt. 95, 99, 463 A.2d 229, 231 (1983). Under the provisions of 15 V.S.A. § 752(a), a court may properly order maintenance payments if it finds that the spouse seeking maintenance lacks sufficient assets and income to "provide for his or her reasonable needs," and "is unable to support himself or

herself through appropriate employment *at the standard of living established during the marriage . . . .*" 15 V.S.A. § 752(a)(1) and (2) (emphasis added). Here, the court's maintenance award is supported by its findings, and defendant has failed to carry his burden on appeal.

■ Defendant also challenges the court's requirement that he maintain his current life insurance policy, or another policy of "like amount," naming plaintiff as beneficiary. He cites 15 V.S.A. § 762, which provides that a court "may assign insurance benefits to a spouse or children, and may require the spouse who is required to make the assignment to execute a blanket assignment giving notice of the assignment to the provider of the insurance benefits." Defendant argues that this section does not empower a trial court to order that an insurance contract be maintained. We disagree. The statute refers not to the cash value of the insurance policy but to its benefits. If the maintenance of an existing policy could not be ensured, then an assignment of benefits would have little meaning.[1] We hold that, in cases where an insurance policy is already in effect, § 762 authorizes the trial court to order that the insured party maintain the policy for the benefit of the spouse.[2]

*Affirmed.*

**Peck,** J., concurring in part and dissenting in part. I concur with the resolution reached by the majority on all issues except that relating to maintenance by defendant of his current life in-

---

[1] Defendant also cites 24 Am. Jur. 2d *Divorce* § 912 for the proposition that a court *cannot require one spouse to maintain* life insurance for the benefit of the other where the policy has no current cash value and is of benefit only upon death of the insured. This rule is not the law in Vermont, as § 762 makes clear.

[2] We decline to address the issue raised in the dissent. The appellant made no claim in the trial court or this Court that the court erred in granting the option complained of in the dissent. In his motion to amend the judgment order, the defendant simply stated that the court could not order him to name the plaintiff as primary beneficiary of a life insurance policy. The issue presented for review in appellant's brief in this Court was whether the trial court abused its discretion "by ordering defendant to *maintain* a life insurance policy naming plaintiff as a beneficiary and pay the premiums thereon." (Emphasis added). He concludes his argument by asserting that the "court exceeded its jurisdiction to so award the contract . . . ." Issues not raised, appealed, and briefed will not be considered. *Hilder* v. *St. Peter*, 144 Vt. 150, 165, 478 A.2d 202, 211 (1984).

surance policy for the benefit of the plaintiff. As to this latter issue I must dissent.

I have no quarrel, as such, with the holding of the majority that, "in cases where an insurance policy is already in effect, [15 V.S.A.] § 762 authorizes the trial court to order that the insured party maintain the policy for the benefit of the spouse." In this case, however, the court went beyond simply ordering defendant to maintain his existing policy. The court's order purported to offer defendant an option to maintain either his current policy *or* "another life insurance policy of like amount."

Passing for the moment the probable prejudice to the defendant resulting from the court's order, I note that, to the extent the order addresses the insurance policy requirement, it is couched in the alternative. Thus, at the very outset, the order violates our own general rule that "a judgment must not be . . . in the alternative." *Lash Furniture Co.* v. *Norton,* 123 Vt. 226, 228, 185 A.2d 734, 736 (1962). I do not find this precedent to have been overruled or modified.

Of even more egregious concern, however, is the fact that the alternative insurance segment of the order is not supported at any level as to its viability. The findings, certainly, are a blank on the question, as well they might be; I am unable to find even a scintilla of evidence from which the trial court might have determined that defendant's option to obtain another policy was at all viable. It was simply plucked out of the air, sua sponte, without the slightest opportunity afforded defendant to present evidence on the question should he desire to do so.

It is no answer to say that defendant failed to request a finding, and, therefore, waived it. See V.R.C.P. 52(a). I cannot believe that the majority intends to go so far as to hold that a judgment does not require some evidence in the record to support it. It is puzzling, moreover, how the defendant could be expected to request a finding on a matter that was not even in the case, and which he had no earthly reason to anticipate.

I cannot, of course, overlook the question of prejudice. Normally, error which does not result in prejudice will not require reversal. *Corti* v. *Lussier,* 140 Vt. 421, 424, 438 A.2d 1114, 1116 (1981). But in this case, without the benefit of evidence, nothing can be determined one way or the other. We can only speculate on the possibilities (obviously, defendant could not present or ar-

gue facts outside of the record in his appeal to this Court, even though he never had the opportunity to do so below).

The possibilities of prejudice here, however, are several and indeed, probable. Defendant is older now than at the time his current policy went into effect; consequently, the premiums payable on a second policy would be greater. Defendant's health has been poor in the past, raising the question of how insurable at all he is now, and whether the premiums, because of his greater age and past health problems, would be within his means. Defendant is a state employee; it is, therefore, possible that the source of his current insurance is through participation in the state group plan, partially funded by the state. If he is in fact a member of this plan, his participating contributions are well below the premiums he would be required to pay for life insurance outside of the employees' plan, assuming he is insurable at all.

This case is a good example of why orders in the alternative are not favored. See *Lash*, 123 Vt. at 228, 185 A.2d at 736. If they are ever justified, they are a mockery and a cruel practical joke if they are not based on sufficient evidence to demonstrate that the alternatives are truly viable and not merely window dressing, more hollow and seeming than real. It may be true that alternatives, in any context, are designed as an opportunity to select the most advantageous or desirable or the least objectionable of two possibilities. But they are not true alternatives at all if one of the choices is an impossibility. That may or may not be the case here; we just don't know. It is an order without support and potentially prejudicial.

The majority declines to review the issue addressed in this dissent on the grounds that it was not raised below, nor appealed or briefed here. I believe this claim is not completely accurate. In any event, assuming it is correct, it is overly technical and inconsistent with actions taken by this Court in other cases in the interests of justice.

Defendant recites in his brief:

> The literal reading of [15 V.S.A. § 762] does not allow or authorize any court to require a party to a divorce [to] contract for, maintain, take out, or pay premiums on an insurance contract.

It is only authority to order an assignment of any insurance benefits in existence at the time of the hearing on the merits.

If the option given defendant, to take out another policy "of like amount" was viable, and defendant was in a position to take advantage of it, this language of the brief is inclusive of both options; in fact, it seems to slant more strongly toward the alternative. In any event, the first sentence expresses a clear objection to both options: "maintain, take out, or pay premiums."

The point is not the *merits* of defendant's position. It merely demonstrates that the issue *was* adequately raised and briefed.

This Court has, in past cases and in the interests of justice, addressed, sua sponte, issues which had not been raised or briefed: "We have addressed the issue upon our own motion because of its 'possible adverse effect on the fair administration of justice . . . .' " *State* v. *Bergerson*, 144 Vt. 200, 204, 475 A.2d 1071, 1074 (1984) (citation omitted). Apparently, the majority intends to be extremely selective in deciding when it will and will not "do justice" vis-a-vis a purely technical obstruction.

There are analogous circumstances under which this Court has, many times, bypassed technical faults by treating an improper procedure as something else which would have been appropriate. Thus, in *State* v. *Dean*, 148 Vt. 510, 536 A.2d 909 (1987), an attempt to reach this Court improperly by a direct appeal was treated "as if it were based on a post-conviction relief proceeding and [thereby reached] the merits." *Id.* at 512 n.1, 536 A.2d at 911 n.1. In another case we treated an attempted appeal "as a petition for extraordinary relief properly filed in this Court." *Pfeil* v. *Rutland District Court*, 147 Vt. 305, 308, 515 A.2d 1052, 1055 (1986). Similarly, in a third decision, involving a juvenile, an attempt to appeal to this Court under V.R.A.P. 5(b)(1) (interlocutory appeal) was denied, but, *in the interests of justice* to the appellant, the trial court's order was treated as final, *State* v. *Lafayette*, 148 Vt. 288, 292, 532 A.2d 560, 562 (1987); a potential injustice was thus obviated.

Few areas of human concern are as tightly and as mystifyingly bound up with the red tape of technicalities as the law. To the average layman they are often as frustrating and arcane as a dead language: "[I]n these nice sharp quillets of the law, Good faith, I

am no wiser than a daw."* But some technicalities are essential; else the law would sink into a morass of cases that go on endlessly and defy resolution. In short, technicalities, however mysterious, are designed to expedite justice, not to frustrate it or to work injustice; they should be resorted to judicially and fairly. Among the worst enemies of justice, it seems to me, are those who adhere rigidly and literally to technical details without regard for the inherent power of the courts, within reasonable limits, to do justice under the law.

The insurance issue as raised by the defendant in this case may lack some literal specificity as it relates to the option. It seems to me, nevertheless, as I have suggested and, I think, demonstrated above, it is sufficiently within the broader scope of the issue as it does appear in his brief, to justify being "treated as" included therein, at least by a fair implication. Applying the same principle employed to overcome technicalities in those cases cited above (and many others), the interests of justice would also be served here.

I would affirm as to the other issues and reverse and remand for further proceedings on the life insurance matter.

---

* Shakespeare, Henry VI, Pt. 1, Act II, Sc. 4.