Argued and submitted June 6, judgment modified August 17,
motion for reconsideration allowed by opinion October 26, 1988
See 93 Or App 548, 762 P2d 1066 (1988)

In the Matter of the Marriage of

## BETTIOL,
*Appellant,*

*and*

## BETTIOL,
## aka Hacek,
*Respondent.*

(151,459; CA A46076)

759 P2d 322

Robert M. Johnstone, McMinnville, argued the cause for appellant. With him on the brief was George J. Zarzana, McMinnville.

Bruce Williams, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Husband appeals the denial of his motion to terminate his spousal support obligation. He contends that wife's remarriage constitutes a material change in circumstances under *former* ORS 107.135(2)(a), justifying termination of the award.

The parties had been married for 36 years before the 1985 dissolution of their marriage. The trial court originally awarded wife $400 a month as spousal support. Both parties have remarried. Although remarriage of the supported spouse represents a change in circumstances, it does not automatically justify termination of a spousal support award. Spousal support should be terminated only when the purposes of the initial award have been met. *Bates and Bates,* 303 Or 40, 46, 733 P2d 1363 (1987).

At the time of the original support award, wife's gross monthly income was $1,574 and husband's was $1,340. At the present time, the potential shared income of wife and her new husband is $3,638, excluding spousal support. Even assuming that wife has available to her only one-half of that income, or $1,819, she is in a better financial position than she was at the time of the original judgment. Her need for spousal support no longer exists.

Judgment modified to eliminate spousal support. Costs to husband.