## Marilyn A. NARWID v. Thomas A. NARWID

[641 A.2d 85]

No. 92-115

◼️

July 21, 1993. Defendant Thomas Narwid appeals an order dividing marital property and awarding spousal maintenance. We affirm in part and reverse in part.

The parties were married in 1967 and moved to Vermont, where defendant obtained his doctorate degree in chemistry and later a postdoctorate degree. The couple moved many times during the marriage to further defendant's career. During most of the marriage, defendant worked outside the home, contributing financially, while plaintiff worked inside the home, raising the children. In 1983, plaintiff obtained a teaching certificate in New Jersey. Her teaching experience, however, is very limited. Defendant's salary increased over the course of the marriage and, at the time of the divorce, was close to $100,000 per year. Plaintiff's earning potential was $13,000 at the time of the divorce. She wished to train as a paralegal, which would increase her earning potential to $25,000–$30,000. The court divided the marital property equally between the parties and awarded plaintiff rehabilitative maintenance of $2,500 per month for one year and permanent maintenance of $1,800 per month until defendant retired, at which point the award would be reduced to $900 per month.

Defendant contends that a multitude of the court's findings are erroneous. On appeal of factual findings, the evidence must be viewed in the light most favorable to the prevailing party, and only if a finding is clearly erroneous will it be overturned. *Bassler v. Bassler*, 156 Vt. 353, 358, 593 A.2d 82, 85 (1991). We have reviewed the record and find evidence to support the findings. Defendant essentially contests the credibility of plaintiff's testimony. We defer to the trial court's ability to judge the credibility of witnesses and resolve factual disputes. *Klein v. Klein*, 150 Vt. 466, 469, 555 A.2d 382, 384 (1988).

Defendant also argues that the findings and conclusions do not jus-

tify the court's equal division of the marital property because the court neglected to specify the weight given to each of the 15 V.S.A. § 751(b) factors. The court has discretion in considering the § 751(b) factors, and unless the court fails to exercise its discretion or exercises its discretion for clearly untenable reasons, its decision will be upheld. *Klein,* 150 Vt. at 468–69, 555 A.2d at 384. In the present case, the court meticulously followed the statutory factors, addressing each factor in detail, and determined that the property should be divided equally. The court did not commit error in considering defendant's fault under § 751(b) in this no-fault divorce. See *Lewis v. Lewis,* 149 Vt. 19, 24, 538 A.2d 170, 173 (1987) (fault is one of the factors to be considered in division of marital property). The court's conclusions support its equal division of the marital property.

Defendant claims that the court erroneously determined the value of many of the marital assets. Of defendant's many arguments, only two need to be addressed. First, defendant contends that the court failed to consider the tax consequences to himself of transferring the pensions to plaintiff. Defendant has failed to demonstrate to this Court that he will have tax consequences as a result of the transfer; thus, the court did not abuse its discretion. See *Milligan v. Milligan,* 158 Vt. 436, 440–41, 613 A.2d 1281, 1283 (1992). Second, defendant claims that the court neglected to include the outstanding lien of $10,602 on one of his vehicles. Because the court intended that the marital property be divided equally between the parties, this error is easily remedied. Plaintiff's cash award shall be reduced by one-half of the amount of defendant's car lien.

Defendant also contests the maintenance award. First, he claims that plaintiff failed to meet her threshold burden of proof that she lacked sufficient income to provide for her reasonable needs and was unable to support herself. The court, however, made findings regarding the standard of living established during the marriage and plaintiff's current income and expenses. This evidence supported a finding of a need for spousal maintenance.

Defendant contends that the court improperly awarded retroactive temporary alimony. Defendant argues that because the court concluded that plaintiff had been short-changed on temporary maintenance, the court must have attempted to remedy this deficit in its maintenance order. The court, however, made no retroactive maintenance award. It provided one year of rehabilitative maintenance, for the specific purpose of allowing plaintiff to pursue paralegal training, plus permanent maintenance. There was no error in providing both rehabilitative and permanent maintenance. See *Klein,* 150 Vt. at 476, 555 A.2d at 388 ("The findings of the trial court would support either rehabilitative or permanent maintenance or some mix of both.").

Defendant argues that the court exceeded its discretion in fashioning the maintenance award. Defendant has the burden of showing that there was no reasonable basis to support the maintenance award. *Quesnel v. Quesnel,* 150 Vt. 149, 151, 549 A.2d 644, 646 (1988). First, defendant argues that many erroneous factual findings led the court to make the erroneous maintenance award. We have reviewed the record and find evidence to support the findings. We defer to the trial court's ability to resolve factual disputes. *Klein,* 150 Vt. at 469, 555 A.2d at 384. Defendant also claims that many erroneous applications of law led to the mainte-

nance award. The court painstakingly followed the statutory factors and made detailed findings on each factor. We find no misapplication of the law.

In addition, defendant contends that there are several errors in the maintenance award that render it reversible. Only one of defendant's arguments has merit. Defendant contests the court's requirement that he maintain a $100,000 life insurance policy for plaintiff's sole benefit for as long as he is required to pay spousal maintenance. Although the order requires defendant to maintain a life insurance policy, there was no evidence that such a policy existed. Thus, the holding of *Quesnel v. Quesnel,* 150 Vt. at 152, 549 A.2d at 647, that 15 V.S.A. § 762 allows a court to order the maintenance of a life insurance policy already in existence, does not apply. Instead, the policy appears to be intended to secure the maintenance provision of the decree, as authorized by 15 V.S.A. § 757, but its language does not so limit it. This Court has held that courts do not have authority to order maintenance to continue beyond the life of the obligor spouse. *Justis v. Rist,* 159 Vt. 240, 244, 617 A.2d 148, 150 (1992). Because plaintiff will realize benefits from the life insurance policy only upon the death of defendant, these benefits will function as a form of continued maintenance to which she will be no longer entitled. Accordingly, the court's order regarding the life insurance policy must be stricken. If a court desires to secure an obligation to pay maintenance while the obligor is living, the court must choose a form of security more carefully tailored to achieve this purpose.

Defendant contends that the court ·misapplied *Klein,* arguing that the facts in *Klein* were different from the facts in the present case. We find no error in the court's application of *Klein.* We also decline to overrule or in any way limit the holding in *Klein,* as defendant requests.

*Paragraph eleven on page thirty of the order, requiring defendant to maintain a life insurance policy, is stricken. Paragraph four on page twenty-seven of the order is amended to reduce plaintiff's cash award by $5.301. In all other respects, the judgment is affirmed.*

**Morse, J.,** dissenting. I respectfully dissent from only that part of the entry striking the requirement to maintain life insurance. We have explicitly approved such an order. *Quesnel v. Quesnel,* 150 Vt. 149, 152, 549 A.2d 644, 647 (1988). *Quesnel* was not overruled, although this Court was given the opportunity in *Justis v. Rist,* 159 Vt. 240, 247, 617 A.2d 148, 152 (1992) (Morse, J., dissenting). Besides, the life insurance provision was authorized by 15 V.S.A. § 762, a law we may not overturn except on constitutional grounds.