# STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Environmental Division Unit                             Docket No. 21-2-13 Vtec

---

### WhistlePig, LLC Act 250 Jurisdiction Opinion (#9-070)

---

## ENTRY REGARDING MOTION

Appeal from Act 250 Jurisdictional Opinion (#9-070) from District 9 Env. Comm. Coordinator.

Title:           Response to Parties' Stipulated Facts (Motion 13)

Filer:           (Joint Stipulation)

Attorney:        (Joint Stipulation)

Filed Date:      October 26, 2015


This matter concerns an appeal by WhistlePig, LLC and its principal Raj Bhakta (together "Appellants") of the February 8, 2013 Act 250 Jurisdictional Opinion #9-070 in which the District 9 Environmental Commission Coordinator ("District Coordinator") determined that WhistlePig's proposed "farm-based" distillery would be subject to Act 250 jurisdiction.  The Court has addressed several pretrial motions, including motions to dismiss, to declare the appeal moot, and for summary judgment.  When the Court's Decisions on those motions did not fully resolve all legal issues, the Court set the matter for a final pretrial conference, with the goal of scheduling a trial.

By their "Supplemental Stipulation [as to] Undisputed Facts," filed with the Court on October 26, 2015, the parties presented to the Court an agreement concerning the ingredients used by Appellants to produce WhistlePig's farm-distilled rye whiskey and the percentages, both by weight and volume, of those ingredients.

At the last pre-trial conference, held on September 28, 2015, all parties agreed that the Court could dispense with an evidentiary hearing and, based upon the parties' stipulated facts, render a judgment.  Appellants affirmed their agreement with this suggestion, while reserving their right to appeal the Court's final judgment.  The Court noted that all parties would be entitled to file a timely appeal of a future judgment, if they so wished.

The Court issued its most recent Decision on competing motions by Appellants and the Vermont Natural Resources Board ("NRB"), concluding that Appellants were not entitled to a summary judgment upon their claim of an "agricultural exemption" from Act 250 jurisdiction; the Court also concluded that it could not render judgment against Appellants, as requested by the NRB and the neighbors appearing in this appeal, due to a dispute about the material facts concerning the ingredients used to produce the WhistlePig rye whiskey.  In re WhistlePig, LLC

Act 250 JO, No 21-2-13 Vtec, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2015) (Durkin, J.). The Court reached those conclusions after having revisited its legal analysis from a prior Decision, which the Court summarized in its September 2, 2015 Decision as follows:

> In response to the cross-motions for summary judgment in this matter, the Court was tasked with determining what constitutes an agricultural product principally produced on a farm sufficient to exempt the on-site storage, preparation, and sale of that product from Act 250 jurisdiction. The construction of improvements for "farming" is excluded from the definition of development and therefore from Act 250 jurisdiction. 10 V.S.A. § 6001(3)(D). Farming is defined as including "the on-site storage, preparation and sale of agricultural products principally produced on the farm." 10 V.S.A. § 6001(22)(E). Neither the term "agricultural product" nor "principally produced" are defined within the statute.

> WhistlePig sought a determination that the production and storage of the whiskey would be exempt from Act 250 jurisdiction because it qualified as an agricultural product principally produced on the farm. Neighboring property owners George Gross and Barbara Wilson d/b/a Solar Haven Farm ("Solar Haven Farm") argued that the production and storage of whiskey are not exempt from Act 250 jurisdiction because the majority of materials or ingredients that went into the production of the whiskey were not produced on the farm and therefore the farming exemption did not apply.

In re WhistlePig, LLC Act 250 JO, No 21-2-13 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2015) (Durkin, J.).

In our Decision on the parties' first set of competing motions for summary judgment, we began our analysis by noting that:

> Act 250 generally requires review of significant development and its impact upon neighbors, neighboring properties, and the environment, so as to "ensure economic growth without environmental catastrophe." Southview Assocs. Ltd. v. Bongartz, 980 F.2d 84, 87 (2d Cir. 1992) (cert. denied, 507 U.S. 987 (1993)). As with any general legal provision, there are exceptions to this general Act 250 permitting requirement. However, the party seeking an exemption bears the burden of proving the exemption and "[t]he farming exemption, like all exemptions, is to be read narrowly and only applied when the facts clearly support the exemption's application." In re Ochs, 2006 VT 122, ¶ 12, 181 Vt. 541 (citations omitted).

> . . . .

> The Act 250 definition of development expressly exempts construction and use of land improvements for farming. Therefore, as long as the proposed operation fits Act 250's statutory and caselaw definition of "farming," an Act 250 permit is not required. 10 V.S.A. § 6001(3)(D)(i).

Farming is defined to include "the on-site storage, preparation and sale of <u>agricultural products</u> <u>principally produced</u> on the farm . . . ."   10 V.S.A. § 6001(22)(E) (emphasis added).  Thus, if the rye whiskey WhistlePig proposes to produce constitutes an "agricultural product principally produced on the farm," the still and the whiskey storage and aging facility are exempt from Act 250 jurisdiction.

The parties here seem to agree that the question of whether WhistlePig's rye whiskey will be an "agricultural product" is dependent upon the question of whether the whiskey is "principally produced" on the farm.  An agricultural product is "principally produced" on the farm if "more than 50% (either by volume or weight) of the ingredients or materials contributing to [the] final agricultural product which results from the activities stated in 10 V.S.A. § 6001(22)(A) - (D), and which is stored, prepared or sold at the farm, is grown or produced on the farm."  Natural Resources Board Act 250 Rules, Rule 2(C)(19), Code of Vt. Rules 12 004 060, available at http://www.lexisnexis.com/ hottopics/codeofvtrules ("Rule 2(C)(19)" or "the Rule").

The parties dispute how this standard should be interpreted, specifically relating to three issues.  First, the parties dispute whether ingredients used in the production of an agricultural product but not present in the final product must be considered in determining whether the product is principally produced on the farm.  Second, the parties dispute whether water counts as an ingredient or material contributing to the final agricultural product.  Finally, if water is an ingredient, the parties also dispute whether the source of the water is relevant in determining whether it counts as an ingredient or material produced on the farm.

<u>In re WhistlePig, LLC Act 250 JO</u>, No 21-2-13 Vtec, slip op. at 5–7 (Vt. Super. Ct. Envtl. Div. Apr. 11, 2014) (Durkin, J.).

After analysis, we resolved those three disputed legal issues as follows:

1.  all ingredients used in the production of an agricultural product must be considered in determining whether the product is principally produced on the farm <u>and not</u> only the ingredients remaining after the production process;

2.  water must be counted toward the total sum of ingredients when used as an ingredient to make the product; and

3.  the water that contributes to the creation of WhistlePig's rye whiskey may not be considered to be an ingredient grown or produced on the farm, regardless of its source.

<u>Id</u>. at 7–10.

Thus, we concluded that the rye grown on Appellants' farm needed to be compared with all other ingredients (including water) that are used to produce the WhistlePig whiskey, and that water, even if it came from the farm, could not be used to reach the 50 percent target.  Since the parties could not agree on the amounts of these ingredients, either by weight or

volume, we concluded that a trial was necessary to resolve those disputed facts, and to resolve the remaining legal question of whether the WhistlePig whiskey could be considered an agricultural product. The resolution of that last legal issue would determine whether this WhistlePig operation would be exempt from Act 250 jurisdiction. Id. at 15.

The parties have now presented a resolution of the disputed facts with the filing of their Supplemental Stipulation as to Undisputed Facts. Their representations evidence that the milled rye grain grown on Appellants' agricultural fields represents less than 50 percent, either by weight or volume, of all the ingredients used to produce the WhistlePig whiskey. Thus, pursuant to Act 250 Rule 2(C)(19), the WhistlePig whiskey cannot be regarded as an agricultural product that is "principally produced" on the farm. See id.

For all these reasons, we conclude that the construction and production proposed by Appellants is not entitled to an agricultural exemption from the definition of development and is therefore subject to Act 250 jurisdiction. In this regard, we **AFFIRM** the Jurisdictional Opinion (#9-070) issued by the District Coordinator on February 8, 2013.

Given that we have not been presented with facts or legal arguments that cause us to reconsider and alter our prior legal determinations, we adopt them as final by the above references.

This completes the current proceedings before this Court concerning this appeal. Pursuant to V.R.C.P. 58(a), we issue this Entry Order as a final Judgment Order in this appeal.

**So ordered.**

Electronically signed on November 19, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Jon T. Anderson (ERN 1856), Attorney for Appellants WhistlePig LLC and Raj Bhakta
Ritchie E. Berger (ERN 2871), Co-counsel for Appellants WhistlePig LLC and Raj Bhakta
Gerald R. Tarrant (ERN 4743), Attorney for Interested Persons George Gross, Barbara Wilson, and Solar Haven Farm, LLC
Peter J. Gill (ERN 4158), Attorney for the Vermont Natural Resources Board
Elizabeth Lord (ERN 4256), Attorney for the Vermont Agency of Natural Resources
Town of Shoreham (FYI purposes only)
John Kiernan (FYI purposes only)